■ J. SULLIVAN & SONS MFG. CORP., Respondent, v. TRADE BANK & TRUST COMPANY, Appellant.— Order of Appellate Term, entered June 23, 1960, reversing order of City Court granting summary judgment to defendant bank, and denying such motion for summary judgment, unanimously affirmed, with costs to plaintiff-respondent. The several doctrines of election of remedies are not applicable to this case. If the payee caused the check to be accepted, a problem of inconsistent substantive claims of liability may arise (cf. 18 Am. Jur., Election of Remedies, § 6). There are issues of fact, therefore, whether the drawer of the check or the drawee bank rather than the payee caused the drawee bank to withhold the check thus avoiding the discharge of the drawer under section 324 of the Negotiable Instruments Law. Consequently it does not appear, as a matter of law, that the prior judgment must have rested on the absence of an acceptance by the drawee at the instance of the payee of the check as would have discharged the drawer from liability. In further consequence, it is not necessary to reach, and the court does not determine, whether the prior judgment is available to the drawee bank as a defense on the view that the drawer, drawee, and payee are privies for the purpose of applying the doctrine of *res judicata* (cf. Restatement, Judgments, §§ 83, 97, 100, Comment a). There may be, at least, one other issue of fact, namely, whether the first judgment rested exclusively on the underlying claim for goods sold and delivered or on the check now in suit. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bergan, JJ.

■ WILLIAM HORN, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment unanimously modified, in accordance with the provisions of subdivision 2 of section 584 of the Civil Practice Act, by reducing the award to plaintiff to $5,000, and, as so modified, affirmed, without costs. We find that the judgment entered herein by the court below sitting without a jury is sustained by the record, except for the damages awarded, which are excessive. It may well be that had the city called witnesses — who were in court — to rebut the contentions of plaintiff as to his injuries and damages, and not permitted the evidence to constitute, what the trial court characterized "for all practical purposes a default by the City", an excessive judgment could have been avoided. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.